IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID L. SIMPSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−0465−JPG |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **TRUE,** | ) | |
| **USP MARION ADMINISTRATIVE** | ) | |
| **REMEDY COORDINATOR,** | ) | |
| **RICHARD SCHOTT,** | ) | |
| **SARA REVELL,** | ) | |
| **NCR ADMINISTRATIVE REMEDY** | ) | |
| **COORDINATOR,** | ) | |
| **CENTRAL OFFICE ADMINISTRATIVE** | ) | |
| **REMEDY COORDINATOR,** | ) | |
| **JOHN/JANE DOE 4 (DIRECTOR)** | ) | |
| **WARDEN MCC CHICAGO,** | ) | |
| **WARDEN FCI TERRE HAUTE** | ) | |
| **WARDEN PIKE COUNTY JAIL,** | ) | |
| **WARDEN MACON COUNTY JAIL,** | ) | |
| **WARDEN SANGAMON COUNTY JAIL,** | ) | |
| **and** | ) | |
| **UNITED STATES MARSHAL SERVICE** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff David L. Simpson, an inmate in United States Penitentiary Marion, brings this action for deprivations of his constitutional rights pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff seeks $40,000,000 in compensation. This case is now

1

before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff has been in federal custody since 2013. (Doc. 1-1, p. 3). Since that time, he has been transferred between institutions repeatedly, as part of "diesel therapy." *Id.* These institutions included county jails, where Plaintiff was in the custody of the United States

Marshals service. (Doc. 1-1, p. 4). Plaintiff alleges that John/Jane Doe #4, the Director of the Bureau of Prison's ("BOP") Designation Sentencing and Computation Center was responsible for allowing and directing 15-20 transfers in the span of a year and a half. (Doc. 1-1, p. 2). Plaintiff alleges that he suffered assaults by staff, staff failure to protect him from assaults by other prisoners, and medical negligence at several facilities. (Doc. 1-1, p. 3). Plaintiff was subjected to multiple mental evaluations at successive facilities, which he found duplicative. (Doc. 1-1, p. 4). Plaintiff was kept from exhausting his administrative remedies, in part because he was housed at certain facilities so briefly that he did not have time to obtain grievance forms or receive a response to grievances that he filed. (Doc. 1-1, p. 3).

In one instance, Plaintiff was housed with Patrick Pride, an inmate known to be violent, who threatened and assaulted Plaintiff. (Doc. 1-1, p. 4). Plaintiff was assaulted multiple times, including at least once in the presence of a correctional officer. *Id.* Although the officer told Pride to stand down, he did not physically intervene to stop the fight. *Id.*

Plaintiff was able to file a lawsuit that addressed incidents at Terre Haute, MCC Chicago, and other transfers, but prison officials then began retaliating against him for filing lawsuits. *Id.*

Plaintiff specifically asked Warden True of Marion for the transfers to end and the diesel therapy to cease, but his request was rejected. *Id.*

Plaintiff alleges that Counselor Edmeister of UPS Marion refused to adequately respond to his attempts to exhaust his administrative remedies. (Doc. 1-1, pp. 4-5). The Regional and Central Offices improperly concurred with Edmeister's actions. (Doc. 1-1, p. 5).

Plaintiff has also named the Wardens/Sheriffs of MCC Chicago, FCI Terre Haute, Pike County Jail, Macon County Jail, and Sangamon County Jail as responsible for his "health, safety,

welfare, and treatment" and for failing to respond to his complaints properly. (Doc. 1-1, pp. 2-3).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. At this time, none of Plaintiff's claims survive threshold review; the Complaint will be dismissed without prejudice.

> **Count 1** – John Doe #4 arranged and/or approved of 15-20 transfers between institutions and county jails since Plaintiff was admitted into BOP custody in 2013 in violation of Plaintiff's First, Fifth, Eighth, and Fourteenth Amendment rights, and in violation of state law prohibiting intentional infliction of emotional distress and medical negligence;
>
> **Count 2** – The United States of America committed a tort against Plaintiff when it arranged and/or approved of 15-20 transfers between institutions and county jails since Plaintiff was admitted into BOP custody in 2013;
>
> **Count 3** – True, John/Jane Doe #1, Schott, Revell, John/Jane Doe #2, John/Jane Doe #3, John Doe #5, John/Jane Doe #6, John/Jane Doe #7, John/Jane Doe #8, John/Jane Doe #9 failed to properly respond to Plaintiff's grievances and complaints;
>
> **Count 4** – John/Jane Does #5-9 and the United States Marshals Service were responsible for Plaintiff's health, safety, welfare, and treatment.

As to Plaintiff's **Count 1**,[1] Plaintiff alleges that he was subjected to "diesel therapy." Plaintiff defines diesel therapy as a series of unjust transfers between institutions. He variously alleges that he has been transferred 15-20 times in 4 years; 20-25 times in 3 years; 15-20 times in 3 years; and 22 times in 4 years. An exhibit attached to the Complaint shows that Plaintiff was

---

[1] While *Bivens* requires an analysis of whether the interest deserves a freestanding remedy in damages, *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007), Plaintiff's claims would fail under the broader § 1983 standard, and so the Court uses the standards interchangeably.

transferred approximately 17 times since 2014. (Doc. 1, p. 17). Plaintiff alleges that Defendants transferred him to silence him, and that the transfers made keeping track of his legal materials and using the grievance process difficult.

Diesel therapy does not violate Plaintiff's due process rights because it has long been established that an inmate has no constitutionally protected liberty interest in being confined in a particular prison. *Babcock v. White*, 102 F.3d 267, 274 (7th Cir. 1996) citing *Meachum v. Fano*, 427 U.S. 215 (1976). The Court cannot find any case law that suggests that there is a liberty interest in avoiding multiple transfers, and finds that Plaintiff has no constitutionally protected interest in avoiding multiple transfers.

Plaintiff has not adequately pleaded that diesel therapy violated his First Amendment rights. In order to state a claim for denial of access to the courts under the First Amendment, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). Here Plaintiff has done nothing more than vaguely allude to difficulties filing grievances. For reasons explained more fully below, denial of access to grievances procedures is not enough to establish a First Amendment violation for access to the courts. Plaintiff has also not actually identified or alleged that he lost any legal claim due to his multiple transfers between prisons. For this reason, Plaintiff has failed to articulate a First Amendment Access to Court claim on the basis of his diesel therapy.

As to Plaintiff's allegation that he was retaliated against, Plaintiff has not stated a claim for retaliation either. To succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff's allegations are too vague. Although Plaintiff has adequately alleged that he engaged in protected First Amendment activity by filing lawsuits, grievances, and otherwise making complaints, he has not alleged that any of the individual defendants specifically had knowledge that he engaged in that conduct and then took concrete steps to make him suffer a deprivation in order to deter the complaints, lawsuits, and grievances. Plaintiff has not actually alleged that anyone was properly motivated to take action against him because of his protected First Amendment activity. It is not enough that Plaintiff engaged in First Amendment activity and suffered allegedly adverse actions within the same general time period; he must actively plead facts tending to show that a particular defendant acted intentionally. That is not a plausible conclusion on these facts.

Plaintiff has also alleged that the diesel therapy violated his equal protection rights, but that claim also fails. To show an equal protection violation, a plaintiff need only allege that he is a member of a protected class, and that state actors treated members of his class differently than people not in the class but who are similarly situated. *Pacheco v. Lappin*, 167 F. App'x 562, 564 (7th Cir. 2006); *Brown v. Budz,* 398 F.3d 904, 916 (7th Cir. 2005). Plaintiff has not met this lenient standard. He has not alleged that he is a member of a protected class or that others

outside of the class were treated differently from him. Plaintiff's diesel therapy allegations fail to state an equal protection claim.

Plaintiff's Eighth Amendment theory of liability is also inadequately pleaded. Plaintiff makes a general and conclusory statement that he has been exposed to cruel and unusual punishment and/or the wanton infliction of pain. An inmate is exposed to cruel and unusual punishment when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,' " and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). The transfer between prisons does not fall within the Eight Amendment's ambit because it is not an "atypical and significant hardship." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). It does not present a substantial risk of serious harm. Rather, transfer between institutions is an ordinary incident of prison life, and a prisoner should expect transfers during his imprisonment. Plaintiff has also not adequately alleged that prison officials were subjectively deliberately indifferent to his situation. As currently pleaded, Plaintiff has failed to articulate an Eighth Amendment claim for cruel and unusual punishment.

Plaintiff has also alleged that prison officials failed to protect him. Although Plaintiff describes this as an effect of the diesel therapy, it is difficult to see how the issues are related. Plaintiff has not alleged that any specific transfer put him at more or less risk of harm, nor has he alleged that he needed any specific transfer that prison officials denied him out of deliberate indifference to his safety. He has not alleged that the attack took place during a transfer. Plaintiff has described a specific prisoner that he felt he needed protection from, but he has not named the correctional officer that allegedly observed the attack as a defendant. He has also not

7

identified the location of the attack or the time it occurred, making it impossible to determine whether any of the named defendants may have been personally involved in the failure to protect. It is not a reasonable conclusion from the Complaint that diesel therapy caused Pride to attack Plaintiff. Plaintiff's subjection to diesel therapy does not make it plausible that the named defendants somehow failed to protect him without more facts. Plaintiff can also not recover damages against defendants who may have arranged for a transfer based on events that occurred at a specific prison just because he was transferred there without alleging that defendants actually had reason to know that they were putting Plaintiff at risk of serious harm. Accordingly, Plaintiff's claims pursuant to the Eighth Amendment fail.

Plaintiff has also brought several state law theories of recovery. First, he alleges that the Defendants intentionally inflicted emotional distress. In order to sustain a claim for intentional infliction of emotional distress, the following elements must be alleged: (1) extreme and outrageous conduct; (2) the actor must either intend that his conduct inflict severe emotional distress or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *Honaker v. Smith,* 256 F.3d 477, 490 (7th Cir. 2001). Plaintiff has not alleged that he was subjected to extreme or outrageous conduct and that is not a reasonable inference from the facts provided. He has also not alleged that any of the defendants intended to inflict severe emotional distress or knew that there was a high probability that their conduct would cause severe emotional distress. Finally, Plaintiff has not actually alleged that he suffered severe emotional distress. His Complaint fails to adequately plead any facts that would support a claim for intentional infliction of emotional distress.

Plaintiff has also alleged that Defendants were medically negligent, despite the complete lack of allegations describing any medical aliment or condition, or alleging that any Defendants undertook to provide medical treatment. While Plaintiff's conclusory statement that he suffered medical negligence is insufficient to make a plausible allegation, this claim would also fail because Plaintiff has not followed Illinois state law on this point.

Under Illinois law, "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," a plaintiff must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2017). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b). These requirements are applicable to claims brought pursuant to the FTCA.

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a

certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits or reports. Therefore, the medical negligence claim in **Count 1** shall be dismissed on the additional ground of failure to comply with Illinois law. However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of the medical negligence claim in **Count 1** may become a dismissal **with prejudice.** *See* Fed. R. Civ. P. 41(b).

For all of the above reasons, all of Plaintiff's theories of liability regarding his exposure to diesel therapy fail. **Count 1** shall be dismissed without prejudice for failure to state a claim upon which relief can be granted, though Plaintiff shall be permitted to submit an amended complaint.

The Court now turns to **Count 2**, which attempts to state a claim against the United States under the Federal Tort Claims Act ("FTCA"). The FTCA permits an individual to bring suit in federal court against the United States

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Pursuant to this provision, federal inmates may bring suit for injuries they sustain while incarcerated as a consequence of the negligence of prison officials. *United States v. Muniz,* 374 U.S. 150 (1963); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).[2]

Plaintiff has alleged that he suffered torts at some of the institutions where he was housed. But Plaintiff has not provided enough facts for the Court to conclude that torts occurred. Plaintiff merely makes a conclusory statement that "at several of the facilities along the way, Plaintiff had tortious and constitutional violations occur against him, including prisoner assaults by staff, failure to protect Plaintiff from prisoners' attack, medical negligence, etc." (Doc. 1-1, p. 3). A conclusory allegation that torts and medical negligence occurred is insufficient. Plaintiff must specifically plead the tortious conduct and connect it to his claim that it was caused by the multiple transfers he experienced. He must also allege that the torts were caused by a government employee's negligent conduct. On an FTCA claim, Plaintiff must also specifically plead that the tortfeasor was an employee of the federal government. He has not done so here. For these reasons, **Count 2** will also be dismissed without prejudice for failure to state a claim.

**Count 3** will be dismissed as legally frivolous. Plaintiff has argued that multiple defendants are liable for handling his grievances improperly. This is not a valid theory of legal liability standing alone. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). There is no allegation in the Complaint that True, John/Jane Doe #1, Schott, Revell, John/Jane Doe #2, John/Jane Doe #3,

---

[2] The FTCA also requires a litigant to first present his claim to the appropriate federal agency for review. 28 U.S.C. § 2675(a). Although Plaintiff has alleged that he completed the prison grievance process, he has not alleged that he submitted an FTCA claim to the Bureau of Prisons using the Standard Form 95. Failure to do so would be fatal to any FTCA claim. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Completing the prison grievance forms BP 8-11 is not sufficient to exhaust an FTCA claim.

John Doe #5, John/Jane Doe #6, John/Jane Doe #7, John/Jane Doe #8, John/Jane Doe #9 were personally involved in the decision to transfer Plaintiff at any time, much less that they agreed to transfer Plaintiff repeatedly. Without personal involvement, the mishandling of grievances states no claim. The Court notes additionally, that Plaintiff has no claim for access to the courts based on the alleged mishandling of grievances because he is allowed to argue that the grievance process was unavailable to him in order to get around the exhaustion requirement in 42 U.S.C. § 1997e(a). *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016). **Count 3** will be dismissed with prejudice as legally frivolous.

**Count 4** will also be dismissed with prejudice. Plaintiff has named the Wardens and Sheriffs responsible for the various prisons and county jails to which he was transferred. But Plaintiff's theory of liability rests only on the fact that these defendants were "responsible for the health, safety, welfare, and treatment of the Plaintiff during his stay at the facility." This is a respondeat superior theory of liability. Plaintiff is attempting to hold these Defendants responsible because they have a supervisory position. He does not actually allege that any of the Defendants in **Count 4** took steps to harm him or failed to protect him. He does not allege that these individuals were involved in the transfer process. Without such allegations, the claim fails because a warden cannot be held liable for the actions of their employees. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978); *Shields v. Illinois Department of Corrections*, 746 F.3d 782, 792 (7th Cir. 2014).

There is an additional ground for caution. Although Plaintiff continually points to the harms (assault, failure to protect, medical negligence) he suffered at various institutions as justification for bringing this lawsuit alleging that he should not have been transferred to those institutions, Plaintiff has brought several separate lawsuits raising those issues directly: 16-cv-

2142-SEM-TSH (C.D. Ill.) (allegations arising out of Macon County Jail for deliberate indifference); 16-cv-3147-CSB (C.D. Ill.) (allegations arising out of an alleged staff assault at Sangamon County Jail); 17-cv-185-WTL-MJD (S.D. Ind.) (allegations regarding prison conditions and incidents at Terre Haute Federal Correctional Institute); 17-cv-563-JPG-RJD (S.D. Ill.) (alleging negligence and deliberate indifference based on an incident where Plaintiff smashed his hand at Marion). Two of these cases have already been dismissed: on statute of limitations grounds (16-3147) and for failure to exhaust (16-2142). Plaintiff cannot re-litigate claims in this suit when another suit raising those claims has already been litigated to completion.

Under the doctrine of res judicata, a final judgment on the merits bars subsequent claims by parties or their privies based on the same cause of action. *Ross v. Bd. of Educ.,* 486 F.3d 279, 282 (7th Cir. 2007) (citing *Cromwell v. County of Sac.,* 94 U.S. 351, 352 (1876); *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326 (1955)). The Seventh Circuit requires a party asserting claim preclusion to establish three elements: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.,* 296 F.3d 624, 628 (7th Cir. 2002).

If these 3 elements are met, then res judicata "bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." *Highway J Citizens Group v. United States DOT,* 456 F.3d 734, 741 (7th Cir.2006) (citing *Brzostowski v. Laidlaw Waste Sys., Inc.,* 49 F.3d 337, 338 (7th Cir.1995)). That means that to the extent that Plaintiff is attempting to name wardens and sheriffs in this suit based on incidents that have formed the basis of other lawsuits, those claims would be barred because he could have

alleged that the wardens and sheriffs were personally involved in the conduct that is the basis for the earlier suits.

Under the Federal Rules of Civil Procedure, a dismissal other than for lack of jurisdiction, improper venue, or failure to join a party is a decision on the merits. Fed. R. Civ. P. 41(b).

Here the Plaintiff brought both the earlier cases and this suit, which establishes the first element of claim preclusion. However, his Complaint is too vague for the Court to determine whether the causes of action are identical because Plaintiff has not provided any facts in support of his contentions that he was subjected to tortious and unconstitutional conduct at the various institutions. But the Court notes that it would be highly improper for Plaintiff to attempt to get around the dismissals of his earlier cases by folding those claims into this case, and to the extent that Plaintiff is arguing that the sheriffs were actually involved in any conduct that formed the basis of cases 16-3147 and 16-2142, he should have brought the claims against the sheriffs in those cases. It is too late to bring them here.

For all of the above reasons, the Complaint will be dismissed without prejudice, and Plaintiff will be granted leave to amend Counts 1 and 2.

## Pending Motions

Plaintiff's Motion for Appointment of Counsel remains under advisement. (Doc. 7).

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** are **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. **Counts 3 and 4** are **DISMISSED with prejudice** as legally frivolous. Plaintiff will be granted leave to submit an Amended Complaint on **Counts 1 and 2**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, providing facts to support Counts 1 and 2 within 28 days of the date of his Order (on or before **October 19, 2017**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the medical malpractice/negligence claim(s) in **COUNT 1**, Plaintiff shall file the required affidavit(s) pursuant to 735 Ill. Comp. Stat. §5/2-622, within 35 days of the date of this order (on or before **October 26, 2017**). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of his medical negligence claim may become a dismissal **with prejudice**.

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th

Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: September 20, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**