# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID L. SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17−cv−0465−JPG |
| ) | |
| UNITED STATES OF AMERICA, and ) | |
| ALL INDIVIDUALS RESPONSIBLE FOR ) | |
| TRANSFERS EMPLOYED BY THE BOP ) | |
| ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff David L. Simpson, an inmate in United States Penitentiary Marion, brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. Plaintiff seeks declarative and compensatory relief. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**<u>The Amended Complaint</u>**

Plaintiff originally brought suit on May 4, 2017. (Doc. 1). The Court conducted a threshold screening on September 20, 2017 and dismissed all claims at that time, although it granted Plaintiff leave to submit an amended complaint on the claims originally designated Counts 1 and 2. (Doc. 10). Plaintiff filed an Amended Complaint on October 18, 2017. (Doc. 11).

The Amended Complaint abandons many of the claims and factual assertions that Plaintiff originally put forward. Plaintiff now alleges all of the defendants retaliated against him in violation of his First Amendment rights because he filed lawsuits and grievances. (Doc. 11, p. 5). Although the identity of each and every individual defendant is unknown to Plaintiff, he alleges that the defendants involved stated that Plaintiff was a "problem" or otherwise mentioned

2

his filings to him. *Id*. Plaintiff was transferred numerous times and otherwise subjected to "diesel therapy" in retaliation for his filings. *Id*.

## Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1** – Defendants retaliated against Plaintiff for his grievances and filings by arranging for him to be repeatedly transferred in violation of the First Amendment;
>
> **Count 2** – The United States committed a tort against Plaintiff by retaliating against him for his First Amendment activity in violation of the Federal Claims Tort Act.

As an initial matter, Plaintiff's Amended Complaint does not adequately establish that venue and jurisdiction is proper in this Court. Any civil action may be brought "in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, Plaintiff has not identified the defendants. He has not affirmatively pleaded that they reside in the Southern District of Illinois, or that any one of them resides in the Southern District of Illinois. That precludes the Court from considering the first ground for establishing venue. Plaintiff has also not alleged that the retaliation of which he complains took place in the Southern District of Illinois. The original Complaint explicitly referred to institutions outside of

this district, like MCC Chicago and FCI Terre Haute, suggesting a possibility that the actions at issue here took place out of this district. Plaintiff has not met the second method of establishing venue. Finally, Plaintiff has not alleged that any defendant is subject to the court's personal jurisdiction in this district. Standing alone, this failure to establish venue would be grounds for dismissing the Amended Complaint without prejudice.

The Court also finds that the allegations are too vague to state a retaliation claim. To succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff's allegations are conclusory and bare bones. Plaintiff alleges that he engaged in protected activity, but has not specifically identified that activity by pointing at particular grievances and lawsuits. He has also alleged that the conduct was a motivating factor for the transfers, although it is hard to square Plaintiff's claims that each defendant specifically told him that his grievances and filings were a problem with his assertion that the identity of all the defendants is unknown to him. This discrepancy makes Plaintiff's claims regarding the third factor less than plausible. Plaintiff has also not alleged nor made a plausible allegation that the conduct at issue is likely to deter First Amendment activity in the future. As discussed in the Court's previous order, the Seventh Circuit has never found that "diesel therapy" violates the Constitution, there is no constitutional right to a specific prison placement, and transfers are an ordinary part of prison life. In the absence of a specific allegation on this point, the Court is reluctant to conclude that transfers are the type of conduct that would deter a person of ordinary firmness from engaging in grievance activity.

As to Plaintiff's FTCA claim, the lack of a specific allegation regarding where the relevant events occurred makes it impossible to determine what law governs the claim. 28 U.S.C. § 1346(b)(1)(predicating FTCA liability on the law of the location of the events at issue); *Buechel v. United States*, 746 F.3d 753, 763 (7th Cir. 2014). That alone would be grounds for dismissal because the claim is too vague for the Court to ascertain the relevant law.

Even assuming that Illinois law governs, Plaintiff has failed to state a claim. A claim for negligence under Illinois law has 3 elements: 1) existence of a duty of care owed by the defendant to the plaintiff; 2) a breach of that duty; and 3) an injury proximately caused by that breach. *Id*. (citing *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011)). Plaintiff has not alleged any injury here. He has also not alleged that any defendant owed him a duty of care. This precludes a negligence claim. If Plaintiff intended to invoke one of the exceptions for intentional torts he has also been too vague because the Court cannot determine what exception Plaintiff was attempting to proceed under. The Court therefore concludes that as currently plead, the Amended Complaint offers no facts in support of an FTCA claim.

As Plaintiff has once again failed to state a claim upon which relief can be granted, the Amended Complaint will be dismissed without prejudice. The Court grants Plaintiff leave to file a Second Amended Complaint.

## Plaintiff's Motion for Counsel

On June 21, 2017, Plaintiff filed a Motion for Appointment or Recruitment of Counsel. (Doc. 7). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e) (1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies

within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Plaintiff has alleged that he wrote 10 letters seeking a lawyer. He received 2 rejections and heard nothing further from the other lawyers he attempted to contact. The Court finds that this is a reasonable attempt to recruit counsel, and that Plaintiff has satisfied the threshold element.

However, the Court also finds that Plaintiff appears competent to litigate for himself at this time. Plaintiff has successfully moved the Court to proceed in forma pauperis. (Doc. 8). While his complaints have been dismissed, Plaintiff has been able to follow deadlines for amending them. The Amended Complaint also demonstrates that Plaintiff was able to understand the Court's September 20, 2017 Order dismissing the complaint. For example, Plaintiff did not attempt to restate claims that the Court had dismissed with prejudice. Furthermore, the Amended Complaint was not itself frivolous or malicious. Plaintiff clearly articulated the elements of a First Amendment retaliation claim, suggesting that he understands the legal issues underpinning his claim. The problem is that he has not provided enough facts to make that claim plausible or to establish venue. Facts are within Plaintiff's knowledge and

control, and his initial complaint contained more of them, suggesting that Plaintiff should be able to move forward on a Second Amended Complaint without the assistance of an attorney. As the Court finds that Plaintiff is competent to proceed without counsel at this time, his Motion is denied without prejudice to Plaintiff requesting counsel again during the pendency of this action.

## Disposition

**IT IS HEREBY ORDERED** that the Amended Complaint is **DISMISSED** without prejudice for failure to state a claim, and for inadequately pleading venue and jurisdiction. Plaintiff's Motion for Appointment or Recruitment of Counsel is **DENIED** without prejudice. (Doc. 7).

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint, stating any facts which may exist to support his First Amendment retaliation claim and/or FTCA claim (**on or before March 1, 2018**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any other pleading. Should the Second Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Second Amended Complaint may be grounds for sanctions,

7

including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: January 31, 2018**

s/J. Phil Gilbert<br>**U.S. District Judge**