# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID L. SIMPSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-0465-JPG |
| | ) |
| **UNITED STATES OF AMERICA, et al.** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On May 4, 2017, Plaintiff filed this Complaint. (Doc. 1). The case underwent threshold screening on September 20, 2017, and the Court determined that Plaintiff had failed to state a claim upon which relief may be granted as to some claims and dismissed others as legally frivolous. (Doc. 10). Plaintiff was given until October 19, 2017 to file an amended complaint, stating any facts in support of the claims previously dismissed for failure to state a claim. (Doc. 10). Plaintiff filed an amended complaint on October 18, 2017. (Doc. 11). On January 31, 2018, the Court found that the Amended Complaint also failed to state a claim, or establish venue or jurisdiction. (Doc. 12). Plaintiff was given another opportunity to file an amended complaint, which he was to do prior to March 1, 2018. (Doc. 12). The deadline has now passed. Plaintiff has not filed an amended complaint or requested an extension of time to do so. The Court therefore finds that Plaintiff is not in compliance with its January 31st Order directing him to file an amended complaint. (Doc. 12).

As a result, this case is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, failure to adequately plead jurisdiction and venue, and for failure to

comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 14, 2018**

                                                    s/J. Phil Gilbert
                                                    United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).